The opinion of the court was delivered by
Bermudez, O. J.
This is an application for a mandamus.
The relatrix complains that the District Judge illegally refuses to pass upon the merits of a controversy pending before him on appeal from a city court; that his duty is to determine the matter at issue in said litigation, and that his failure to do so is a denial of justice.
The District Judge returns that he has determined the only matter brought up for review by affirming the judgment rendered below, and he refers, in amplification, to the reasons assigned by Mm, in writing, conducive to his decree.
*78 It appears that the relatrix, claiming' to be the owner of certain real property occupied by one Balfour, instituted before a city court proceedings to eject him therefrom, and that, in defence, he claimed to. have a lease thereto for one year more at $32 per month, and. thereupon pleaded to the jurisdiction of the city court.
After hearing, this defence was sustained and the suit dismissed.
The plaintiff then appealed to the District Court, and the defendant Judge to whom the case had been allotted, concluded, after hearing, to affirm the judgment appealed from.
It is settled by repeated rulings of this court, that whenever, in an ejectment suit, the defendant sets up a lease, the city court has jurisdiction to determine of the existence and extent of such lease, and to take or not jurisdiction over the merits of the controversy, according to circumstances. 33 An. 146; 34 An. 1142; 37 An. 380.
This court can not be called upon to determine now, whether the city court decided correctly or not, when it held that it had no jurisdiction, or whether the District Oourt erred or not in affirming the judgment complained of.
A party dissatisfied with the'judgment of a city court refusing to take jurisdiction is not left without a remedy. He can appeal from such judgment, if the case is appealable, and have it reviewed by the appellate tribunal, which would be bound to affirm or reverse, and then remand.
When such court has 'passed upon such matters, it has exhausted its powers, and it can not be asked to determine the merits of the controversy in any contingency, when such were not before him on the appeal. 39 An. 665.
A District Court is both an appellate court and a court of original jurisdiction, vested in each instance with marked distinct attributions. The powers which it exercises as the one, it can not exercise as the other. State ex rel. New Orleans vs. Voorhies, Judge, 41 An. 540.
An appellate court tries cases before it only in the manner and to-the extent that they were tried below. C. P. 1129, 598, 895.
In case of a reversal in a suit like the instant one, it could not pass upon the merits of the litigation, for the reason that the merits have not been determined below and would have to remand.
In case of affirmance, there would be no merits to determine, as *79 by its judgment the District Court would simply say that the city court was right in declining jurisdiction.
Should the party concluded by the affirmed judgment sustaining the plea to the jurisdiction still remain dissatisfied, he would not be remediless.
If the city court has no jurisdiction, the District Court would surely have, as one of original jurisdiction, and it would be its duty to pass upon the merits of the ejectment suit.
The District Judge is therefore beyond reproach.
It is therefore ordered and decreed that the application herein for mandamus be refused with costs.